# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>EDWIN A. VASQUEZ and VASQUEZ GLOBAL INVESTMENTS, LLC<br><br>    Defendants. | Case No. 1:14-cv-00196<br><br>Hon. Martin Reidinger<br><br>Mag. Judge Dennis Howell |

## STATUTORY RESTRAINING ORDER

On July 30, 2014, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties under the Commodity Exchange Act as Amended ("Complaint") against Defendants Edwin A. Vasquez ("Vasquez") and his company, Vasquez Global Investments, LLC ("VGI") for violating core anti-fraud provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2012), by fraudulently soliciting at least $583,491 from participants in an unregistered commodity pool Defendants operated, by misappropriating at least $331,556 of those funds, and by issuing false or misleading account statements to those pool participants to

conceal their fraud.  Contemporaneously, the CFTC filed a Motion for a Statutory Restraining Order ("Motion"), Motion for Preliminary Injunction, Combined Memorandum in Support of Plaintiff's Motions for a Statutory Restraining Order and Preliminary Injunction ("Memorandum") and Appendix to Plaintiff's Memorandum ("Appendix").

Having read the Complaint, Motion, Memorandum and Appendix, and the Defendants have been given telephonic notice of the Motion and an opportunity to be heard,

**THIS COURT HEREBY FINDS:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2012).

2. This Court is authorized by Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), to issue a statutory restraining order against Defendants.

3. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

4. It appears to the satisfaction of the Court that the Plaintiff has presented a prima facie case, and further has shown by competent evidence that there is a substantial likelihood that the Plaintiff will prevail on the merits of this matter in showing, that the Defendants have engaged, are

engaging, or are about to engage in conduct in violation of the Act and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2013). Specifically, there has shown by competent evidence that there is a substantial likelihood that Defendants have engaged, are engaging, or are about to engage in conduct in violations of Sections 4b(a)(1)(A)-(C), 4k(2), 4m(1), 4(o)(1)(A),(B) and 6(c)(1) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C), 6k(2), 6m(1), 6o(1)(A), (B) and 9(c)(1) (2012), and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2013); that Vasquez is liable for VGI's violations as a controlling person pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012; and that VGI is principally liable for the acts constituting Vasquez's violations pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2013).

    5. It appears to the satisfaction of the Court that there is a substantial likelihood that Defendants' violations of the Act and Regulations are likely to continue unless they are restrained and enjoined from committing further violations.

    6. It appears to the satisfaction of the Court that there is a substantial likelihood that the participants in the commodity pool commonly known as the "Vasquez pool" may be cheated and defrauded and

immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary redress due to the dissipation of customer assets and destruction of books and records unless Defendants are immediately restrained and enjoined by order of the Court. Further, the Court finds that balance of hardships tips in the Plaintiff's favor, as the potential harm to the public in not granting the requested restraining order outweighs the potential harm to the Defendant in granting the requested relief.

7. Consequently, the Court concludes as a matter of law that a statutory restraining order should issue to preserve the status quo, protect public customers from loss and damage, and enable the CFTC to fulfill its statutory duties.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

8. The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

9. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a) and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

10. "Defendants" Edwin A. Vasquez ("Vasquez") and Vasquez Global Investments, LLC ("VGI"), as well as any persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

**I. ASSET FREEZE**

**IT IS HEREBY ORDERED** that Vasquez and VGI are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise

disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as authorized by the Corporate Monitor in accordance with Part I of this Order. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

**IT IS FURTHER ORDERED** that, until further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Vasquez and VGI or commodity pools operated by Vasquez and VGI, or has held, controlled, or maintained custody of any funds, assets, or other property of Vasquez and VGI or any commodity pool operated by Vasquez and VGI, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit Vasquez and VGI from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assetsin accordance with Part I of this Order;

B. deny Vasquez and VGI access to any safe deposit box that is:

1. titled in the name of or maintained by Vasquez or VGI or any commodity pool operated by Defendants, whether individually,

jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Vasquez or VGI; or

   2. otherwise subject to the control of or access by Vasquez or VGI; and

C. cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to VGI's businesses and accounts held by Vasquez or VGI or commodity pools operated by Vasquez or VGI.

## II. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS HEREBY ORDERED THAT** Vasquez and VGI are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of Vasquez and VGI or any commodity pool operated by Vasquez and VGI, including all such records concerning the business operations of Vasquez and VGI and any commodity pool operated by Vasquez and VGI, wherever located.

## III. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of

Vasquez and VGI, any commodity pool operated by Vasquez and VGI, and their agents, including, but not limited to, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Vasquez and VGI or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## IV.  DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants, either individually or jointly, at any time since May 2007, and who receives notice of this Order by personal service or otherwise, including facsimile, electronic mail, Federal Express and United Parcel Service, shall:

> A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering,

disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

B. Deny Defendants and all other person(s) access to any safe deposit box that is: (a) titled in the name of Defendants, either individually or jointly; or (b) otherwise subject to access by the Defendants; and

C. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or is otherwise subject to access by the Defendants.

## V. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VI. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, UPS or other

commercial overnight service, email, facsimile or pursuant to Fed. R. Civ. P. 5 and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, futures commission merchant, bank, savings and loan institution, other financial institution, or any other person or entity that holds any accounts, funds, assets, or other property of Defendants or that may have possession, custody, or control of any documents of Defendants, or that may be subject to any provision of this Order. Elizabeth N. Pendleton, Susan Gradman, Rosemary Hollinger and Joseph Patrick, all representatives of the Commission, are hereby specially appointed to serve process and/or effectuate service of process, including of this Order and all other papers in this action.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including of the Complaint, summons, and all other papers in this case, as well as assist the Commission with taking control and custody of the assets, books and records, and business premises of Defendants.

### VII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, notices required by this Order, and other

materials on the Plaintiff by delivering a copy to Elizabeth N. Pendleton, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, Illinois 60661 and/or by filing such pleadings or other materials electronically with the Court.

## VIII. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further Order of this Court upon application, notice, and an opportunity to be heard, and that this Court shall retain jurisdiction of this matter for all purposes.

## IX. FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that should any defendant wish to file a memorandum of law or other papers in opposition to Plaintiff's Motion for a Preliminary Injunction, all papers shall be filed and served on or before **August 11, 2014**. Any reply by Plaintiff shall be filed and served on or before **August 14, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction is set for hearing on **August 15, 2014 at 3:30 p.m.**

**IT IS SO ORDERED.**

Signed: August 1, 2014

Martin Reidinger
United States District Judge