# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U. S. COMMODITY FUTURES TRADING COMMISSION,<br><br> Plaintiff,<br><br>vs.<br><br>EDWIN A. VASQUEZ and VASQUEZ GLOBAL INVESTMENTS, LLC<br><br> Defendants. | Case No. 1:14-cv-00196<br><br>Hon. Martin Reidinger<br><br>Mag. Judge Dennis Howell |

## ORDER OF PRELIMINARY INJUNCTION AGAINST VASQUEZ GLOBAL INVESTMENTS, LLC AND CONTINUATION OF STATUTORY RESTRAINING ORDER AGAINST EDWIN A. VASQUEZ

On July 30, 2014, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties under the Commodity Exchange Act as Amended ("Complaint") against Defendants Edwin A. Vasquez ("Vasquez") and his company, Vasquez Global Investments, LLC ("VGI"), for violating core anti-fraud provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2012), by fraudulently soliciting at least $583,491 from participants in an unregistered commodity pool Defendants operated, by misappropriating at least $331,556 of those funds, and by

issuing false or misleading account statements to those pool participants to conceal their fraud.

On August 1, 2014, this Court entered a Statutory Restraining Order [Doc. 8] prohibiting the withdrawal, transfer, dissipation, concealment or disposition of Defendants' assets; prohibiting the destruction of Defendants' books and records and requiring Defendants to immediately grant the CFTC access to those books and records; and providing for other relief.

Currently before this Court is the Commission's Motion for Preliminary Injunction ("Motion") [Doc. 4].

I. **FINDINGS OF THE COURT**

Having considered the Motion, Combined Memorandum in Support of Plaintiff's Motions for a Statutory Restraining Order and Preliminary Injunction ("Memorandum") [Doc. 5-1] and Appendix to Plaintiff's Memorandum ("Appendix") [Doc. 6], as well as the argument of counsel, and the Court being fully advised in the premises and Defendants having received actual notice of the Motion and an opportunity to be heard, but only Defendant VGI having received actual service of process,

**THIS COURT HEREBY FINDS:**

1. It appears to the satisfaction of the Court that the Plaintiff has presented a prima facie case, and further has shown by competent

evidence that there is a substantial likelihood that the Plaintiff will prevail on the merits of this matter in showing, that the Defendants have engaged, are engaging, or are about to engage in conduct in violation of the Act and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2013). Specifically, there has been shown by competent evidence that there is a substantial likelihood that the Defendants have engaged, are engaging, or are about to engage in conduct in violations of Sections 4b(a)(1)(A)-(C), 4k(2), 4m(1), 4(o)(1)(A),(B) and 6(c)(1) of the Act, 7 U.S.C. § 6b(a)(1)(A)-(C), 6k(2), 6m(1), 6o(1)(A), (B) and 9(c)(1) (2012), and Regulations 4.20(a)-(c) and 180.1(a), 17 C.F.R. §§ 4.20(a)-(c) and 180.1(a) (2013); that Vasquez is liable for VGI's violations as a controlling person pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2012); and that VGI is principally liable for the acts constituting Vasquez's violations pursuant to Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2013).

    2.    It appears to the satisfaction of the Court that there is a substantial likelihood that Defendants' violations of the Act and Regulations are likely to continue unless they are restrained and enjoined from committing further violations.

3. It appears to the satisfaction of the Court that there is a substantial likelihood that the participants in the commodity pool commonly known as the "Vasquez pool" may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary redress due to the dissipation of customer assets and destruction of books and records unless Defendants are immediately restrained and enjoined by order of the Court. Further, the Court finds that the balance of hardships tips in the Plaintiff's favor, as the potential harm to the public in not granting the requested injunction/restraining order outweighs the potential harm to the Defendants in granting the requested relief.

4. Consequently, the Court concludes as a matter of law that this a proper case in which to grant a preliminary injunction to preserve the status quo, protect public customers from loss and damage, and enable the CFTC to fulfill its statutory duties.

## II. DEFINITIONS

For the purposes of this Order, the following definitions apply:

5. The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles,

effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

6. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a) and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7. "Defendants" shall mean Edwin A. Vasquez ("Vasquez") and Vasquez Global Investments, LLC ("VGI"), as well as any persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## III. CONCLUSIONS OF LAW

**THE COURT FURTHER FINDS:**

### A. Jurisdiction and Venue

8. This Court has jurisdiction over the parties and subject matter of this action pursuant to the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq.* (2012).

9. This Court is authorized by Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012) and Federal Rule of Civil Procedure 65(a), to issue an Order of Preliminary Injunction against Defendants.

10. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

### B. Legal Standard for Preliminary Injunction

11. Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), provides in pertinent part that "[u]pon a proper showing, a . . . temporary injunction . . . shall be granted without bond." Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), the Commission seeks a preliminary injunction against Defendants prohibiting, among other things, any future violations of the sections of the Act and the Regulations under which they have been charged. See CFTC v. Co Petro Marketing Group, Inc., 680 F.2d 573, 583

(9th Cir. 1982) (recognizing the district court's authority to issue permanent or temporary injunctions or restraining orders under Section 6c).

12. The injunctive relief contemplated in this portion of the Act is remedial in nature, and is designed to prevent injury to the public and to deter future illegal conduct. Unlike private actions, which are rooted in the equity jurisdiction of the federal court, an agency's suit for injunctive relief is a creature of statute. The Commission's "[a]ctions for statutory injunctions need not meet the requirements for an injunction imposed by traditional equity jurisprudence." CFTC v. Hunt, 591 F.2d 1211, 1220 (7th Cir. 1979). Therefore, restrictive concepts ordinarily associated with private litigation, such as proof of irreparable injury or inadequacy of other remedies, are inapplicable to this enforcement action. See CFTC v. Muller, 570 F.2d 1296, 1300 (5th Cir. 1978). Instead, the CFTC is entitled to injunctive relief upon a prima facie showing that a violation of the law has occurred and that "there is some reasonable likelihood of future violations." Hunt, 591 F.2d at 1220; see also CFTC v. Sidoti, 178 F.3d 1132, 1137 (11th Cir. 1999) (finding no abuse of discretion in permanently enjoining further violations "[i]n light of the likelihood of future violations"); CFTC v. British Am. Commodity Options Corp., 560 F.2d 135, 141 (2d Cir. 1977) (noting that it

is "well-established" that agency need only show reasonable likelihood wrong will be repeated for injunctive relief).

13. The record filed in support of the Commission's Motion constitutes a prima facie showing that Defendants violated certain provisions of the Act and the Regulations and that a reasonable likelihood of a future violation exists. Therefore, the issuance of the preliminary relief requested by the Commission is proper, warranted, and appropriate in this case with respect to Defendant VGI.

## IV. <u>**PRELIMINARY INJUNCTIVE RELIEF GRANTED**</u>

**THEREFORE, IT IS HEREBY ORDERED** that Defendant VGI is restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

**IT IS FURTHER ORDERED** that Defendant VGI is restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, or disposing of any books and records, documents,

correspondence, brochures, manuals, electronically stored data, tape records, or other property of VGI or any commodity pool operated by VGI, including all such records concerning the business operations of VGI and any commodity pool operated by VGI, wherever located.

**IT IS FURTHER ORDERED** that Defendant VGI is restrained, enjoined, and prohibited, until further order of the Court from directly or indirectly:

a.  Trading on or subject to the rules of any registered entity (as that terms is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012), including, but not limited to, trading for himself or others;

b.  Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), security futures products, foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) ("forex contracts") and/or swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. § 1a(47) (2012) for their

own personal account or for any account in which they have a direct or indirect interest;

c. having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

g.  acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person or entity registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

**IT IS FURTHER ORDERED** that, until further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of VGI or commodity pools operated by VGI, or has held, controlled, or maintained custody of any funds, assets, or other property of VGI or any commodity pool operated by VGI, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A.  prohibit VGI from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets in accordance with this Order;

B.  deny VGI access to any safe deposit box that is:

1. titled in the name of or maintained by VGI or any commodity pool operated by VGI, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of VGI; or

2. otherwise subject to the control of or access by VGI.

**IT IS FURTHER ORDERED** that Defendant VGI shall immediately take all steps within its power to repatriate all funds, assets, or other property currently maintained outside the United States, whether held by, under the actual or constructive control of, or in the name of Defendant VGI, jointly or otherwise, and pay them to the Registry of the Court, or as otherwise ordered by the Court, for further disposition in this case.

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of VGI, any commodity pool operated by VGI, and its agents, including, but not limited to, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of VGI or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

**IT IS FURTHER ORDERED** that VGI is restrained from engaging in conduct in violation of Sections 4b(a)(1)(A)-(C), 4k(2), 4m(1), 4o(1), and 6(c)(1) of the Act, 7U.S.C. §§ 6b(a)(1)(A)-(C), 6k(2), 6m(1), 6o(1) and 9(1) (2012), and Commission Regulations 4.20(a)-(c) and 180.1(a)(1)-(3), 17 C.F.R. §§ 4.20(a)-(c), 180.1(a)(1)-(3) (2013).

## V. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any bank, financial or brokerage institution, futures commission merchant, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendant VGI, either individually or jointly, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendant VGI, either individually or jointly, at any time since August 2011, and who receives notice of this Order by personal service or otherwise, including facsimile, electronic mail, Federal Express and United Parcel Service, shall:

    A. Prohibit Defendant VGI and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court; and

B. Deny Defendant VGI and all other person(s) access to any safe deposit box that is: (a) titled in the name of VGI, either individually or jointly; or (b) otherwise subject to access by VGI.

## VI. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VII. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, UPS or other commercial overnight service, email, facsimile or pursuant to Fed. R. Civ. P. 5 and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, futures commission merchant, bank, savings and loan institution, other financial institution, or any other person or entity that holds any accounts, funds, assets, or other property of Defendant VGI or that may have possession, custody, or control of any documents of Defendant VGI, or that may be subject to any provision of this Order. Elizabeth N. Pendleton, Susan Gradman, Rosemary Hollinger and Joseph Patrick, all representatives of the Commission, are hereby specially appointed to serve

process and/or effectuate service of process, including of this Order and all other papers in this action.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including of the Complaint, summons, and all other papers in this case, as well as assist the Commission with taking control and custody of the assets, books and records, and business premises of Defendant VGI.

## VIII. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that Defendant VGI shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff by delivering a copy to Elizabeth N. Pendleton, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe Street, Suite 1100, Chicago, Illinois 60661 and/or by filing such pleadings or other materials electronically with the Court.

## IX. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect during the pendency of this case, or until further Order of this Court upon application, notice, and an opportunity to be heard, and that this Court shall retain jurisdiction of this matter for all purposes.

## X. **STATUTORY RESTRAINING ORDER SUPERSEDED AS TO VGI**

**IT IS FURTHER ORDERED** that this Preliminary Injunction supersedes the Statutory Restraining Order entered by the Court on August 1, 2014 [Doc. 8] with respect to Defendant VGI only.

## XI. **STATUTORY RESTRAINING ORDER CONTINUED AS TO VASQUEZ**

**IT IS FURTHER ORDERED** that the Statutory Restraining Order entered by the Court on August 1, 2014 [Doc. 8] is **CONTINUED IN EFFECT** with respect to Defendant Vasquez until further Order of this Court.

**IT IS SO ORDERED.**

Signed: August 15, 2014

Martin Reidinger
United States District Judge